UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

UNITED STATES  PLAINTIFF

v.  Criminal Action No. 3:18-cr-125-JRW

ROBERT F. MADDOX, JR., et al.  DEFENDANTS

## ORDER

The Court:

1. **GRANTS** Maddox's motion to adopt Kincaid's Objections (DN 71);

2. **GRANTS** the United States' motion for extension of time (DN 72);

3. **OVERRULES** Maddox's and Kincaid's Objections (DN 70);

4. **DENIES** Maddox's and Kincaid's request for a hearing (DN 70);

5. **ADOPTS** Magistrate Judge Lanny King's Report and Recommendation (DN 68); and

6. **DENIES** Maddox's and Kincaid's motion to suppress (DN 19);

## MEMORANDUM OPINION

Pursuant to a search warrant, the police searched Robert Maddox's parents' house. They found guns, drugs, drug paraphernalia, and about $7,000 in cash. Maddox moved to suppress this evidence of drug trafficking.[1] Magistrate Judge King recommended denying the suppression motion because the police relied on the warrant in good faith, even if the warrant was invalid.[2]

---

[1] Maddox keeps a room at his parents' house. The United States concedes that this gives him standing to challenge the search. *See* DN 62 at #234. But since the four corners of the affidavit don't reference that fact, it's not a factor in deciding whether the search was lawful. *See United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009) ("In reviewing the sufficiency of the evidence supporting probable cause, we are limited to examining the information contained within the four corners of the affidavit.").

[2] DN 68.

Maddox and his co-defendant James Kincaid filed objections to Magistrate Judge King's Report and Recommendation and requested an evidentiary hearing.[3] But a hearing is unnecessary. The information in the affidavit supporting the warrant created a "fair probability that contraband or evidence of a crime will be found in [the] particular place" that was searched.[4]

\*   \*   \*

Just last year, the en banc Sixth Circuit decided *United States v. Christian*.[5] In that case, "law enforcement had established surveillance at 618 Grandville and observed a man named Rueben Thomas 'walk away from the area of [the residence] and leave the area in a vehicle,' after which officers stopped Thomas and discovered heroin in his car."[6] *Christian* held that this "one element of the affidavit was independently sufficient for probable cause" to search the 618 Grandville house.[7]

*Christian* is recent, controlling, and similar to our case.

In our case, the affidavit says that Maddox came from his parents' house across the street before meeting a confidential informant.[8] "When [Maddox] arrived back at his residence he had the cocaine on his person."[9] He then sold the cocaine in a controlled buy to a reliable confidential informant.[10] Under *Christian*, this "one element of the affidavit was independently sufficient for probable cause."[11]

---

[3] DN 70; DN 71.
[4] *Illinois v. Gates*, 462 U.S. 213, 238 (1983).
[5] 925 F.3d 305 (6th Cir. 2019) (en banc) (Rogers, J.).
[6] *Id.* at 308.  Thomas later admitted that he'd recently been at 618 Grandville. *Id.* at 308.
[7] *Id.* at 310.
[8] DN 70-1 at #268.
[9] *Id.*
[10] *Id.*
[11] *Christian,* 925 F.3d at 310.

But even if it were not sufficient, the affidavit in support of the search warrant cited several other reasons to believe contraband would be found in the home of Maddox's parents.[12] These reasons for suspicion tip the scales in favor of probable cause:

- Maddox had previous drug-related convictions.

- There were three other controlled buys at Maddox's house with a reliable confidential informant.

- The informant said that on other occasions, Maddox was "back and fourth [sic] between his residence and his father['s] residence."[13]

- He had listed his parents' address as his previous address.

- The affidavit was signed within 72 hours of the confidential informant's latest controlled buy.

- Based on this information and their "experience and training," the investigating detectives believed there was "a strong possibility" Maddox kept "narcotics or proceeds of narco[ti]cs trafficking at his father['s] residence."[14]

"Viewing the 'totality of the circumstances,' through the 'lens of common sense,' as the Supreme Court has instructed, the conclusion is inescapable: there was probable cause to believe that a search of [Maddox's parents' house] would uncover evidence of drug trafficking. Most readers of the affidavit would have been surprised if it did not."[15]

---

[12] *See* DN 70-1.

[13] DN 70-1 at #268. Maddox argues that Magistrate Judge King improperly inferred from the affidavit that Maddox going "back and forth" to his parents' house was "prior to drug purchases." DN 70 at #259-60.  Judge King's inference was reasonable, because the observation that Maddox went "back and forth" was made by an informant involved in controlled purchases.  But even if Maddox's reading of the affidavit were better than Judge King's (and this Court's), the affidavit still provided probable cause.

[14] DN 70-1 at #268.

[15] *Christian*, 925 F.3d at 309-10 (quoting *Florida v. Harris*, 568 U.S. 237, 244 (2013); *id*. at 248).

\* \* \*

The probable-cause inquiry appeared closer to Magistrate Judge King than it appears to this Court. But as he concluded, even if there was no probable cause for the search warrant, the *Leon* good-faith exception[16] precludes suppression of the evidence seized from the home of Maddox's parents.[17] That's because, as Judge King explained, the affidavit in this case "was not 'bare bones.'"[18] Rather, it included factual allegations that linked Maddox to drug dealing at his parents' house, which was across the street from his own.[19]

\* \* \*

Probable cause was provided by sufficient factual allegations within the four corners of the affidavit.[20] There is no reason for an evidentiary hearing. Maddox's and Kincaid's objections to Judge King's Report lack merit, and their motion to suppress should be denied.

*Justin R. Walker*
Justin R Walker, District Judge
United States District Court

6/8/2020

---

[16] *United States v. Leon*, 468 U.S. 897 (1984).
[17] DN 68 at #250.
[18] *Id.* at #251 (quoting *Christian*, 925 F.3d at 312).
[19] *Id.*; *see also Christian*, 925 F.3d at 313 ("Importantly, each factual allegation, regardless of any infirmities, at least purports to link Christian to drug trafficking at 618 Grandville.").
[20] *See Dyer*, 580 F.3d at 390.